HOOKS v. NEW ORLEANS & N. E. R. Co.

[72 South. 147.]

1. MASTER AND SERVANT. *Federal employers liability act. Cause of injury.*

Where a car, repairer was directed to remedy a defectively loaded lumber car in this state, which had arrived from another state, and to make the load safe for further transportation into another state and while in the performance of this work the standard broke, and he was crushed by the falling timber, he was not entitled to recover under the Federal Employers Liability Act (Act April 22, 1908, chapter 149, 35 Stat. 65, U. S. Comp. St., 1913, sections 8657-8665), since the negligent loading was not the cause of his injury.

2. SAME.

In such case if plaintiff had been employed in the work of removing a negligently wrecked car, and while so engaged the car had rolled over him, he could recover on the theory that the negligent operation of the train was the cause of the wreck and that therefore, the negligent operation of the train was the cause of his injury.

APPEAL from the circuit court of Lauderdale county. HON. J. L. BUCKLY, Judge.

Suit by J. L. Hooks, administrator of one Hawkins, deceased, against the New Orleans North Eastern Railroad Company. From a directed verdict for defendant, plaintiff appeals.

This suit was filed by appellant as plaintiff in the court below against the appellee for damages for the death of one Hawkins, for whose estate appellant had been appointed administrator. Hawkins was an employee of the appellee, and the suit is filed under the Federal Employers' Liability Act. An interstate shipment of piling had been consigned over appellee's road from Slidell, La., and had been routed through Meridian, Miss., where appellee maintains its shops, where Hawikns was employed as a mechanic and car repairer.

When the shipment of piling reached Meridian it was discovered that the standards on the flat cars supporting said piling were cracked, and Hawkins and a helper were detailed to make the proper repairs and remedy the defects so that the shipment could proceed. The piling was sixty or seventy feet in length and was loaded in layers on two flat cars, because of the length of the piling one flat car could not hold them. The piling was loaded in the usual manner by placing pieces of timber near the center of the two cars and laying one layer of piling across the two cars resting on the timbers. On top of and across the first layer another timber was laid, and the next layer of piling placed upon same. They were supported on the flat cars by two standards on each side of each car, and the standards were wired together at the top. Some of the standards were discovered to be cracked, and Hawkins and his helper climbed upon top of the cars and made an investigation. It was decided to place new standards at other points on the cars and then remove the cracked standards and replace them by new and sound uprights. Hawkins sent his helper back to the shop for some tools, and as he returned with the tools the standards broke, and Hawkins was thrown to the ground and crushed by the falling piling. The testimony shows that Hawkins pushed against the upright standards, which gave way, and there is evidence that he cut the wire which tied the standards together across the top of the car.

In the suit the plaintiff claims that the cars were defectively loaded, and that this is responsible for the accident resulting in Hawkins' death. The defendant claimed that the defective and dangerous condition of the load, which was obvious and known by Hawkins before his injury, was the very condition which Hawkins was employed to remedy, and was not the cause of his injury; that Hawkins was an experienced mechanic and employed to remedy this defect, and the defendant

is not responsible for an injury suffered by him because of a condition which he was employed to remedy.

There was a peremptory instruction to find for defendant, and plaintiff appeals.

*Whitfield & Whitfield* and *Neville, Stone & Currie,* for appellant.

*A. S. Bozeman* and *R. H. & J. H. Thompson,* for appellee.

COOK, P. J., delivered the opinion of the court.

The assignments of error in this case are all based on a mistaken assumption of facts. The deceased was employed to remedy a defectively loaded car—not to unload the car. He knew the conditions and dangers incident to the employment. The negligent loading of the car, if such was the case, was the thing he was engaged in correcting. The negligent loading was not the cause of the injury, but it was the cause of his employment. He was ordered to readjust the dangerous load and make it safe, and in the performance of this work he was injured. In other words, he undertook to repair the negligence of some other employee, and in doing so the logs rolled off and crushed him. If he had been engaged in the work of removing a negligently wrecked car, and while so engaged the car had rolled over him, he could recover on the theory that the negligent operation of the train was the cause of the wreck, and that therefore the negligent operation of the train was the cause of his injury. Just so here.

*Affirmed.*